Christian, J.
delivered the opinion of the Court.
This is an application on the part of John Williams to this Court, praying the writ of “ habeas corpus,” and that he may, by this Court, be discharged from custody. In his petition, he states that he was indicted at the late term of the Circuit Superior Court of Law and Chancery for the county of Henrico and City of Richmond, for larceny; that he was put upon his trial on the 28th of October, and afterwards on the same day, the jury sworn in his case, after having heard the same, were sent out to consult of their verdict; and not being able to agree, were, on the adjournment of the Court on that day, committed to the care of the sheriff and remanded to jail. That on the 29th of the same month he was again set to the bar, and the jury were brought into Court, and not having agreed on a verdict, were againkcommitted to the custody of the sheriff, and he again w^panded to jail. That on the 30th of the same month, hi was again set to the bar, and the jury were again brought into Court, and not having agreed on a verdict, were again committed to the custody of the sheriff, and after some time, were again on the same day, *569 brought into Court, and declared that it was impossible for them to agree : and that thereupon the Court made the following order: “That the Court declared it as its conviction, that there was no possibility of the said jury rendering a verdict during the term, and that the further detaining them would be a hardship upon them, and would not promote public justice, nor benefit the accused.” Whereupon it was ordered by the Court that the said jury be discharged, and he (the petitioner) again remanded to jail; to which order, discharging the jury, the petitioner objected.
The writ has been awarded by this Court, and the same is returned, together with the return thereon, and the body of the petitioner.
It appears from the return and the record of the said case, which is made a part of the return, that the facts sot forth in the said petition are true, and that the said petitioner is detained in custody for no other cause.
The question presented for the consideration of the Court, is, whether the Court, in a case of felony, can properly discharge the jury who are sworn in the case, without the consent of the accused, merely because the jury cannot agree ? We think the Courts have not, and ought not to have such power. No such practice has ever prevailed in Virginia; and so far as the Judges now composing this Court are informed, this is the first instance in which it has ever been done or attempted. In looking to England, we do not find such power to have been exercised or claimed there. In looking to our sister States, we find the practice has varied; in some of them, to wit, in New York and Massachusetts the Courts have claimed and exercised this power. See the cases of Olcot, 2 John. Cas. 301; Goodwin’s Case, 18 John. R. 187, and Green’s Case, 13 Wend. R. 55; Barden’s Case, 9 Mass. R. 467; Purchase’s Case, 2 Pick. R. 521. In Pennsylvania, the Judges have de *570 nied the power, ' See the cases of Cook and others, 6 Serg. & Rawle 577; and Clue’s Case, 3 Rawle 498.
We incline to she views and reasoning of the Courts of Pennsylvania on this important question.
This Court, in the case of “ The Commonwealth v. Fells” 9 Leigh 613, decided, that the Court might properly discharge the jury in a case of felony, whenever a necessity for so doing existed; and cited as authority the case of Ann Scalbert, Leach’s C. L. 620; Rex v. Stevenson, Id. 546; and The King v. Edwards, 4 Taunt. R. 309. In the case of Ann Scalbert, after the jury were sworn, one of them fell down in a fit. In the case of The King v. Stevenson, the prisoner himself became suddenly ill, and unable to attend to his defence. In the case of The King v. Edwards, one of the jury became ill and unable to attend to the examination of the case. In Fell’s Case, the jury had been kept together nine days; the health of one of the jurors was suffering materially from the long confinement; and the personal attentions of another juror were required by his wife; whose peculiar and delicate situation rendered it proper and necessary. In that case, the Judge before whom the case was tried, discharged the jury; and this Court affirmed the decision, and decided that the facts of that case shewed a case of necessity, which rendered the discharge proper. But while we approve that decision, we think that mere inability on the part of the jury to agree,, presents no such case of necessity. We think, moreover, the exercise of such a power or discretion ought not to be allowed: that the accused is entitled to be tried by the jury he has selected in the first instance, unless there be some imperious necessity for their discharge ; in which event another jury may properly be sworn to try him. The practice in :Virginia has been, in the case of a hung jury in a trial for felony, either to adjourn the Court at the end of the term, taking no notice of the jury; in which case they are necessarily *571 discharged by operation of law, or else to call the jury in and discharge them simultaneously with the final adjournment of the Court: which practices this Court approve and think right.
The Court are unanimously of opinion, that the petitioner, for the reasons stated, is entitled to his discharge ; and do so decide.
The prisoner discharged.